UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAN HANKS & ASSOCIATES, INC., | No. 2:17-cv-00027-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| THE ORIGINAL FOOTWEAR COMPANY, INC., | |
| Defendant. | |

This matter is before the Court on Plaintiff Nan Hanks & Associates LLC's ("Plaintiff") Motion to Remand Action to State Court. (ECF No. 16.) Defendant The Original Footwear Company Inc. ("Defendant") opposes the motion. (ECF No. 22.) Having reviewed the arguments raised by both parties and for the reasons set forth below, the Court hereby GRANTS Plaintiff's motion to remand.

Plaintiff filed this action in the Superior Court of California, County of San Joaquin on November 28, 2016. (Notice of Removal, ECF No. 1.) The complaint asserts eleven causes of action against Defendant for violations of the laws of various states. At the time of filing the original complaint, Defendant was incorporated under the laws of California. (ECF No. 22 at 7.) Defendant merged with its Tennessee sister corporation on December 30, 2016. (ECF No. 22 at 7.) Defendant then removed the action to this Court on January 5, 2017. (ECF No. 1.) On

1

January 12, 2017, Defendant moved to transfer this case to the Eastern District of Tennessee. (ECF No. 4.) Plaintiff filed the instant motion to remand on February 3, 2017. (ECF No. 16.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). An action otherwise removable shall not be removed if any of the parties properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant asserts 28 U.S.C. § 1441(b) only requires that diversity be examined at the time of removal. (ECF No. 22 at 8.) Defendant argues it was not a resident of the forum state at the time of removal and therefore, removal was proper. (ECF No. 22 at 8.) Defendant further contends the forum defendant exception requires diversity be checked at the time of removal. Defendant's argument has no basis in the law. (ECF No. 22 at 8.) A multitude of courts, including the Ninth Circuit and United States Supreme Court, have continuously held that diversity should be determined at the time of removal *and* the time the complaint is filed. *See Strotek Corp.*, 300 F.3d at 1131; *Stevens v. Nichols*, 130 U.S. 230, 231–31 (1889); *Petrop v. Lassen Art Publications, Inc.*, 939 F. Supp. 742, 744 (D. Haw. 1995) (requiring diversity at time of removal and time of filing complaint for jurisdiction pursuant to section 1441(b)); *Schwinn Bicycle Co. v. Brown*, 535 F. Supp. 486, 487 (W.D. Ark. 1982) (same); *Atlanta Shipping Corp. v. International Modular Housing, Inc.*, 547 F. Supp. 1356, 1360 (S.D. N.Y. 1982) (same); *Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 633 (W.D. Tex. 1985) (same); *Hubbard v.*

1  *Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985) (same).  Defendant does not present a single case
2  that holds the opposite when evaluating a 1441(b) argument.  The cases Defendant does present
3  are wholly distinguishable from the instant case and largely deal with defendants added after
4  removal to defeat diversity or with defendants not yet served at the time of removal.  (*See* ECF
5  No. 22 at 9–11.)

6  Defendant does not dispute that it was incorporated in California and therefore a resident
7  of the forum state at the time the action commenced.  Furthermore, Defendant admits it did not
8  merge with its sister corporation in Tennessee until December 30, 2017, a month after Plaintiff
9  filed its complaint in state court. (ECF No. 22 at 7.)  Accordingly, this Court lacks subject matter
10 jurisdiction pursuant to section 1441(b)(2) because at the time the action commenced Defendant
11 was a resident of the forum state.  This action is hereby REMANDED to the Superior Court of
12 California, County of San Joaquin.

13 IT IS SO ORDERED.

15 Dated: August 17, 2017

Troy L. Nunley
United States District Judge

3