UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAN HANKS & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE ORIGINAL FOOTWEAR COMPANY, INC., <br><br> Defendant. | No. 2:17-cv-00027-TLN-KJN <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION FOR SANCTIONS** |

     This matter is before the Court pursuant to Plaintiff Nan Hanks & Associates, Inc.'s ("Plaintiff") Amended Motion for Sanctions. (ECF No. 29.) Defendant Original Footwear Company, Inc. ("Defendant") opposes the Motion. (ECF No. 31.) After carefully considering the parties' briefing and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Amended Motion for Sanctions. (ECF No. 29.)

///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on November 28, 2016, in the Superior Court for the State of California, County of San Joaquin. (ECF No. 1 at 1.) On December 30, 2016, Defendant became incorporated under the laws of Tennessee. (*See generally* ECF No. 22.) Arguing that this Court had diversity jurisdiction, Defendant removed the action on January 5, 2017. (ECF No. 1.) On February 9, 2017, Defendant filed a Motion to Transfer for Convenience. (ECF No. 4.) Thereafter, Plaintiff filed a Motion to Remand on the grounds that the Court lacked subject matter jurisdiction because, at the time the action commenced, Defendant was a "citizen" of California under 28 U.S.C. § 1332(c)(1), and, therefore, removal was improper under 28 U.S.C. 1441(b)(2). (*See generally* ECF No. 16.) Additionally, Plaintiff filed an Opposition to Defendant's Motion to Transfer for Convenience on February 23, 2017. (ECF No. 17.) The Court remanded the action to the Superior Court for the State of California, County of San Joaquin, on August 17, 2017, because it lacked subject matter jurisdiction pursuant to § 1441(b)(2). (ECF No. 25 at 2.)

On February 1, 2018, Plaintiff moved for sanctions and attorney fees under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1447(c), or alternatively under 28 U.S.C. § 1927. (*See generally* ECF No. 29.) Defendant opposes Plaintiff's Motion for Sanctions. (ECF No. 31.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 11 allows sanctions under the following circumstances:

> (b) Representations to the Court. By presenting the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Rule 11 allows a party to move for sanctions if the moving party serves the motion on the non-moving party pursuant to Rule 5. *See* Fed. R. Civ. P. 11(c)(2). A moving party must allow 21 days after service or within another time the court sets for the challenged paper, claim,

defense, contention, or denial to be corrected. *See id.* In the Ninth Circuit, this "safe harbor" provision is strictly enforced. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wrench both the language and purpose of the amendment [of Rule 11] to permit an informal warning to substitute for service of a motion."); *see also Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (finding a violation of Rule 11's "safe harbor" provision when the defendant did not serve the plaintiff with a copy of the motion for sanctions, even though the plaintiff had informal notice that the defendant intended to move for sanctions). Hence, "[i]t is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." *Radcliffe*, 254 F.3d at 789. Moreover, "the failure to comply with the mandatory procedural requirements makes Rule 11 sanctions inappropriate." *More v. Chase, Inc.*, 2016 WL 928671, at *7 (E.D. Cal. Mar. 10, 2016).

"On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Sanctions are reserved for rare and exceptional cases "where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Courts must not construe or apply Rule 11 so as to chill an attorney's creativity or conflict with an attorney's duty to vigorously represent his or her client. *See id.* "The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose." *Conn v. Borjorquez*, 967 F.2d 1416, 1421 (9th Cir. 1992) (citing *Woodrum v. Woodward Cty.*, 866 F.2d 1121, 1127 (9th Cir. 1989)).

A court may also grant sanctions pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A district court must find bad faith and recklessness before exercising its power to sanction under § 1927. *United States v. Associated Convalescent Enters. Inc.,* 766 F.2d 1342, 1346 (9th Cir. 1985) (citations omitted); *see also In re Keegan Mgmt. Co., Securities Litigation*,

78 F.3d 431, 436 (9th Cir. 1996) ("For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."). Bad faith is measured by a subjective standard. *See Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."). Filings that are nonfrivolous but reckless may not be sanctioned under § 1927. *In re Keegan Mgmt. Co.,* 78 F.3d at 436.

Aside from sanctions, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2012). Attorney fee awards under § 1447(c) are remedial rather than punitive and, therefore, do not require a finding of bad faith. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (finding that Congress's 1988 amendment to § 1447(c) provided statutory authorization necessary to award fees without a finding of bad faith). Additionally, a district court retains jurisdiction to entertain a motion for attorney fees even after the court issues an order to remand. *Id.* at 445. Under a fee shifting statute, courts must calculate awards for attorney fees using the lodestar method. *See, e.g.*, *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). The lodestar method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003) (citation omitted).

### III. ANALYSIS

Plaintiff asks the Court to sanction Defendant under Rule 11 because Defendant's sole reason for removing the action to federal court was based on a "wholly contrived" argument with no basis in law. (ECF No. 29 at 5.) This argument, according to Plaintiff, amounted to a frivolous petition for removal because it was not based upon specific statutory requirements. (ECF No. 29 at 5.) Plaintiff further contends it complied with Rule 11's "safe harbor" provision when it sent a letter explaining why removal was improper to Defendant's counsel before filing a Motion for Sanctions. (ECF No. 29 at 6.) Additionally, Plaintiff asks this Court to exercise its authority under 28 U.S.C. § 1447(c) to grant Plaintiff attorney fees incurred preparing its Motion

4

to Remand, Opposition to Defendant's Motion to Transfer for Convenience, and Amended Motion for Sanctions. (ECF No. 29 at 6–7.) Finally, Plaintiff argues in the alternative the Court should, pursuant to 28 U.S.C. § 1927, compel Defendant's counsel to cover the excess costs, expenses, and attorney fees reasonably incurred due to the removal, because the removal unreasonably and vexatiously multiplied the cost of proceedings. (ECF No. 29 at 8.)

Defendant argues that Plaintiff has failed to comply with the "safe harbor" provision of Rule 11. (ECF No. 31 at 11–13.) Additionally, Defendant argues that sanctions and attorney fees are inappropriate because removal of the action was proper or, at the very least, whether removal was proper was "an open question." (ECF No. 31 at 5.) Moreover, Defendant argues that Plaintiff's Motion for Sanctions is untimely and motivated by an improper purpose of gaining settlement leverage. (ECF No. 31 at 11–14.)

As an initial matter, the Court considers Plaintiff's present Amended Motion for Sanctions to be timely because Plaintiff did request just costs and actual expenses, including attorney fees, in its Motion to Remand. (ECF No. 16 at 7.) *See Sanders v. Farina*, 183 F. Supp. 3d 762, 767 (E.D. Va. 2016) (holding a plaintiff had a pending request for sanctions when, as here, the court's order remanding the case did not originally mention attorney fees). The Court will analyze Plaintiff's request for sanctions and request for attorney fees separately.

A. <u>Sanctions</u>

    *i. Pursuant to Rule 11*

Plaintiff asserts Defendant removed this action to the Court based on a wholly contrived and frivolous argument. (ECF No. 29 at 4–6.) Namely, Defendant contended in its Opposition to Remand that the Court must conduct a diversity analysis for the purposes of removal *only* at the time of removal and *not* at the time the action commenced in state court. (ECF No. 22 at 4–10.) The Court remanded the action to the Superior Court for the State of California, County of San Joaquin because it determined that Defendant's argument had no basis in law. (ECF No. 25.) Plaintiff now urges the Court to impose sanctions on Defendant and its counsel for relying on contentions not warranted by existing law. (ECF No. 29 at 5.) Plaintiff also argues that it complied with the "safe harbor" provision of Rule 11 when it faxed a letter that contained a threat

of sanctions to Defendant's counsel on January 12, 2017.  (ECF No. 29 at 5.)  In the letter, Plaintiff demanded that Defendant file a Motion to Remand for lack of diversity jurisdiction.  (ECF No. 29 at 5.)  Additionally, Plaintiff points out that if the Court finds Plaintiff did not comply with the "safe harbor" provision, the Court may sanction Defendant pursuant to its own power under Rule 11(c)(3).  (ECF No. 31 at 4.)  Finally, in the alternative, Plaintiff argues that sanctions are appropriate under 28 U.S.C. § 1927 because Defendant's counsel unreasonably and vexatiously multiplied the cost of proceedings with an improper removal.  (ECF No. 29 at 7–8.)

Conversely, Defendant argues that removal was proper, or at least removal was "an open question."  (ECF No. 31 at 5.)  In support of this contention, Defendant cites a single treatise.  (ECF No. 31 at 1.)  Defendant asserts sanctions are inappropriate because its argument for removal was either warranted by existing law or based on a nonfrivolous argument for an extension of law.  (ECF No. 31 at 5.)  Moreover, Defendant contends that Plaintiff did not comply with Rule 11's "safe harbor" provision because Plaintiff never served Defendant a copy of the Motion for Sanctions before filing it with the court.  (ECF No. 31 at 12.)  Finally, Defendant argues Plaintiff's Motion for Sanctions is merely a settlement tactic designed to force Defendant to continue litigation in an inconvenient forum, and therefore is motivated by an improper purpose of gaining settlement leverage.  (ECF No. 31 at 15–16.)

Compliance with Rule 11(c)'s "safe harbor" provision is mandatory and strictly enforced in the Ninth Circuit.  *See Radcliffe*, 254 F.3d at 789 (barring sanctions due to failure to comply with Rule 11(c)(1)(A) where defendant warned plaintiff of sanctions but did not serve a motion for sanctions); *Barber*, 146 F.3d at 710 (same).  Furthermore, sanctions are appropriate only if the action is "clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."  *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344.  However, a court must not use Rule 11 sanctions to deter creative or novel legal arguments, such as a change in law.  *Id.*

This Court is bound by the Ninth Circuit's strict interpretation of Rule 11's "safe harbor" provision.  *See, e.g.*, *Radcliffe*, 245 F.3d at 789.  Plaintiff argues that it complied with this provision by faxing a letter to Defendant.  (ECF No. 29 at 6.)  But the rule is clear, to comply with Rule 11, Plaintiff was required to serve Defendant with a *motion.  See* Fed. R. Civ. P.

6

11(c)(2) ("The *motion* must be served under Rule 5…") (emphasis added); *see also Radcliffe*, 254 F. 3d at 789. Plaintiff's letter is clearly not a motion within the context of Rule 11. *See Woods v. Truckee Meadows Water Auth.*, No. 3:06-CV–0189–LRH (VPC), 2007 WL 2264509, at *3 (D. Nev. Aug. 6, 2007) (precluding sanctions because of noncompliance with Rule 11's safe harbor provision even though the party complied with the rule "in spirit" with a letter); *see also Chong v. Kwo Shin Chang*, 599 Fed. App'x. 18, 19 (2d Cir. 2015) (finding an e-mail insufficient). The Court need not further analyze Plaintiff's arguments for Rule 11 sanctions because the procedural flaws in the Amended Motion for Rule 11 Sanctions are fatal. *See Radcliffe*, 245 F.3d at 789. Therefore, the Court denies Plaintiff's Amended Motion for Sanctions under Rule 11.

Additionally, a court on its own can order a party to show cause why it should not be sanctioned. Fed. R. Civ. P. 11(c)(3). However, sanctions are an extreme remedy reserved only for rare and exceptional cases. *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344. This is not such a rare and exceptional case. Thus, the Court declines to issue an order to show cause.

*ii. Pursuant to § 1927*

Plaintiff argues alternatively that the Court should sanction Defendant for "unreasonably and vexatiously" multiplying the costs of proceedings. (ECF No. 29 at 7–8.) Defendant argues that its argument for removal was nonfrivolous and based on "an open issue in removal law." (ECF No. 31 at 16.)

The Court has a statutorily authorized power to sanction under 28 U.S.C. § 1927. The Ninth Circuit has held that sanctions under § 1927 "must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guestchow*, 869 F.2d 1298, 1306 (9th Cir. 1989); *In re Keegan Mgmt. Co.*, 78 F.3d at 436. Bad faith is present when "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co.*, 78 F.3d at 436. However, "reckless nonfrivolous filings, without more, may not be sanctioned." *Id.* Sanctions under § 1927 may be imposed only against an attorney. *See Kaas Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).

In its Opposition to the Motion to Remand, Defendant argued that the plain meaning of § 1441(b)(2) indicated that the "forum-state-defendant rule" did not apply when the defendant was

7

a citizen of the forum state at the commencement of the action, but not at the time of removal. (ECF No. 22 at 4.) Defendant relied on a treatise to argue for this unorthodox — and completely unpersuasive — interpretation of 28 U.S.C. 1441(b)(2). The treatise states, in part:

> It is unclear whether the no-local-defendant rule applies to persons who were citizens of the forum state when the state court action was filed but who moved to a different state (which is also different from plaintiff's state so there is complete diversity) before the action was removed to federal court.

*Fed. Civ. Pro. Before Trial*, § 2:2337 (The Rutter Group Nat. Ed. 2017). This Court is well aware that treatises have no binding legal effect. Surely Defendant was aware of this fact too, and Defendant's inability to cite a single case in support of its proposition should have indicated the futility of its argument. However objectively unreasonable this argument was, the Court cannot find subjective bad faith. On the contrary, the Court concludes that Defendant's counsel made these arguments for the proper reason of vigorously representing their client. *See Garcia v. JPMorgan Chase Bank NA*, No. CV–16–01023–PHX–DLR, 2018 WL 1570249, at *9 (D. Ariz. Mar. 30, 2018) (finding attorneys' conduct and arguments to be objectively unreasonable but declining to impose sanctions under § 1927). Thus, because this Court imposes sanctions only with great caution, it declines to do so here in order to avoid chilling attorneys' "enthusiasm or creativity in pursuing factual or legal theories." *In re Yagman*, 769 F.2d 1165, 1182 (9th Cir. 1986) (citation omitted). Accordingly, the Court denies Plaintiff's Amended Motion for Sanctions under § 1927.

B. <u>Attorney Fees</u>

Finally, Plaintiffs argue for attorney fees under 28 U.S.C. § 1447(c). (ECF No. 29 at 6–7.) Specifically, Plaintiff contends that it had to file a Motion to Remand and an Opposition to Defendant's Motion to Transfer because of Defendant's objectively unreasonable basis for removal and refusal to file a Motion to Remand. (ECF No. 29 at 7.) Defendant argues that its basis for removal was based on "an open question" of law and therefore was not objectively unreasonable. (ECF No. 31 at 11.)

This Court retains jurisdiction to entertain Plaintiff's motion even though the action was previously remanded to state court. *See Moore*, 981 F.2d at 445. "Absent unusual circumstances,

courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Orders granting attorney fees under § 1447(c) need not be supported by a finding of bad faith. *Id.* Courts must calculate awards of attorney fees using the lodestar method. *See, e.g.*, *Ferland v. Conrad Credit Corp.*, 244 F.3d at 1149 n.4.

As stated above, Defendant's argument for removal was objectively unreasonable. S*ee supra* Section III.A.*ii*. "A multitude of courts, including the Ninth Circuit and United States Supreme Court, have continuously held that diversity should be determined at the time of removal *and* the time the complaint is filed." (ECF No. 25 (citations omitted).) Defendant could not cite any cases in support of its contention that the forum state defendant rule did not apply when the defendant changes citizenship between the commencement of the action and removal. (*See generally*, ECF No. 31.) Defendant found explicit support for its argument *only* in a single treatise, which is not binding on this Court. *See Fed. Civ. Pro. Before Trial,* § 2:2337 (The Rutter Group Nat. Ed. 2017). However, Defendant ignored a critical comment in the treatise. The comment provided:

> Comment: There is no known case law on point. However, the removal statutes are strictly construed and citizenship is analyzed at the time of removal. *Thus, federal courts may hold that a "local" defendant's change of citizenship after the litigation commences does not avoid the no-local-defendant limitation of 23 U.S.C. § 1441(b).*

*Fed. Civ. Pro. Before Trial, § 2:2337* (The Rutter Group Nat. Ed. 2017) (emphasis added). This comment appears in the very same section cited repeatedly by Defendant in its opposition to Plaintiff's Motion for Sanctions. (ECF No. 31.) The comment clearly casts doubt on Defendant's argument for an exception to the no-local-defendant limitation of § 1441(b). Defendant either failed to conduct minimal research regarding the issue, or ignored this qualification entirely when it argued that removal was proper. Even a cursory glance of case law would have made clear that diversity is analyzed at the commencement of an action in state court *and* at the time of removal. *See, e.g.*, *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). The issue is not, as Defendant puts it, "an open question." (ECF No. 31 at

5).  Simply put, Defendant either ignored contradictory case law or was completely oblivious to the procedural workings of § 1441(b).  Thus, its argument for an "extension of law" was objectively unreasonable.  *See Grancare, LLC v. Thrower by and through Mills* 889 F.3d 543, 552 (9th Cir. 2018) (affirming remand with attorney fees under § 1447(c) because the plaintiff's basis for removal was a clearly distinguishable case and was objectively unreasonable); *Lussier v. Doller Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) ("Removal is objectively unreasonable if the 'relevant case law clearly foreclosed the defendant's basis of removal.'") (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007)).  Plaintiff is, therefore, entitled to attorney fees incurred as a result of this objectively unreasonable removal.

However, because the Court must calculate attorney fees using the lodestar method, the Court requires more information than currently lies in the record.  As is, Plaintiff simply provides alleged dollar amounts without the necessary reasonable hourly rates or a detailed summary of the hours spent preparing each document or service.  *See, e.g.*, *Staton,* 327 F.3d at 966 (citation omitted) (holding that the lodestar method requires "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.").  The Court's calculation of attorney fees will include the time Plaintiff's counsel spent preparing and drafting its Motion to Remand, Opposition to Defendant's Motion to Transfer, and this Motion for Sanctions.  *See Martin*, 546 U.S. at 140 (finding that §1447(c) was written to remedy additional costs imposed from remand); *Falconi-Sachs v. LFP Senate Square, LLC*, 963 F. Supp. 2d 1, 2 (D. D.C 2013) (including time spent drafting the defendants' motion to dismiss *and* time spent drafting the motion to remand in the attorney fee calculation under 1447(c)).  Consequently, Plaintiff will be afforded time to file supplemental briefing regarding the time its counsel spent preparing its Motion to Remand, Opposition to Defendant's Motion to Transfer, and Amended Motion for Sanctions.

Finally, Defendant contends that Plaintiff brought this Motion for an improper purpose.  However, Defendant's argument regarding the impropriety of this Motion involves a discussion of statements Plaintiff made to potential witnesses regarding the likelihood of going to trial.  (ECF No. 31 at 3.)  The Court fails to see how these statements reflect an improper purpose for

this Motion. Although Defendant argues Plaintiff brings this action to prolong litigation in an inconvenient forum, this argument ignores the fact that Defendant removed this action, thereby subjecting *itself* to this Court's jurisdiction in the first instance. (ECF No. 1.) Plaintiff's subsequent actions in federal court, including filing this Motion for Sanctions, are a result of Defendant's removal. Accordingly, the Court rejects Defendant's assertion that Plaintiff brought this motion for an improper purpose.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion for Sanctions (ECF No. 29) is GRANTED IN PART and DENIED IN PART. The Court hereby ORDERS as follows:

1. The Court DENIES Plaintiff's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11;
2. The Court DENIES Plaintiff's Motion for Sanctions pursuant to 28 U.S.C. § 1927; and
3. The Court GRANTS Plaintiff's Motion for Attorney Fees pursuant to 28 U.S.C. § 1447(c).

Plaintiff is afforded fourteen (14) days from the date this Order is filed to file a declaration and supporting evidence detailing the hours spent preparing and drafting its Motion to Remand, Motion to Transfer, and Motion for Sanctions. Defendant will be afforded seven (7) days to respond.[1]

IT IS SO ORDERED.

Dated: June 25, 2018

Troy L. Nunley
United States District Judge

---

[1] Defendant's response shall be limited to discussion of the reasonableness of the fees requested and shall not make any arguments regarding the propriety of attorney fees.