| | |
|---|---|
| NAN HANKS & ASSOCIATES, INC., | No. 2:17-cv-00027-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| THE ORIGINAL FOOTWEAR COMPANY, INC., | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on Plaintiff Nan Hanks & Associates, Inc.'s ("Plaintiff") January 1, 2018 Motion for Sanctions, for which Plaintiff requested and was granted attorney's fees. (ECF No. 26.) The Court ordered additional evidence regarding the requested amount of attorney's fees. (ECF No. 34 at 10.) On July 9, 2018, Plaintiff's lawyer, Scott Sanders, filed a declaration regarding the attorney's fees. (ECF No. 35.) On July 16, 2018, Defendant Original Footwear Company, Inc. ("Defendant") filed their response. (ECF No. 36.) For the following reasons, the Court will award the Plaintiff $9,090 in reasonable attorney's fees and costs.

///
///
///
///

1

## I. FACTUAL BACKGROUND

Plaintiff commenced this action on November 28, 2016 in the Superior Court for the State of California, County of San Joaquin. (ECF No. 1 at 1.) On December 30, 2016, Defendant became incorporated under the laws of Tennessee. (*See generally* ECF No. 22.) Arguing that this Court had diversity jurisdiction, Defendant removed the action on January 5, 2017. (ECF No. 1.) On February 9, 2017, Defendant filed a Motion to Transfer for Convenience. (ECF No. 4.) Thereafter, Plaintiff filed a Motion to Remand on the grounds that the Court lacked subject matter jurisdiction because, at the time the action commenced, Defendant was a "citizen" of California under 28 U.S.C. § 1332(c)(1), and, therefore, removal was improper under 28 U.S.C. § 1441(b)(2). (*See generally* ECF No. 16.) Additionally, Plaintiff filed an Opposition to Defendant's Motion to Transfer for Convenience on February 23, 2017. (ECF No. 17.) The Court remanded the action to the Superior Court for the State of California, County of San Joaquin, on August 17, 2017, because it lacked subject matter jurisdiction pursuant to § 1441(b)(2). (ECF No. 25 at 2.)

On February 1, 2018, Plaintiff moved for sanctions and attorney's fees under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1447(c), or alternatively under 28 U.S.C. § 1927. (*See generally* ECF No. 29.) Defendant opposed Plaintiff's Motion for Sanctions. (ECF No. 31.) On June 26, 2018, the Court denied Plaintiff's Motion for Sanctions and granted Plaintiff's Motion for Attorney's Fees. (ECF No. 34.) The Court found insufficient evidence was presented to allow the Court to conduct a proper lodestar analysis. (ECF No. 34 at 10.) Thus, the Court ordered Plaintiff to present a declaration and supporting evidence detailing the hours spent preparing and drafting its Motion to Remand, Motion to Transfer, and Motion for Sanctions. (ECF No. 34 at 10.) On July 9, 2018, Plaintiff filed a Declaration detailing the hours spent preparing and drafting its Motion to Remand, Motion to Transfer, and Motion for Sanctions and seeking $27,252.50. (ECF No. 35.) On July 16, 2018, Defendant filed a Response to the Declaration, which contests the reasonableness of Plaintiff's attorney's hourly rates and hours expended.[1] (ECF No. 36.)

---

[1] The Court, having already determined Plaintiff was entitled to attorney's fees, ordered Defendant to refrain from

2

## II. STANDARD OF REVIEW

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2012). Under a fee shifting statute, courts must calculate awards for attorney fees using the lodestar method. *See, e.g., Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). The lodestar method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *See e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003).

The District Court may reduce the total hours included in the lodestar calculation "where documentation of the hours is inadequate … if the case was overstaffed and hours are duplicated … [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987.) "[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them." *Davis v. City & Cty. of San Francisco*, 976 F.2d 1563, 1543 (9th Cir. 1992), *reh'g denied, vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). However, a court "may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Moreno v. City of Sacramento*, 543 F.3d 1106, 1115 (9th Cir. 2008).

"When determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Gonzales v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). The fee applicant has the burden of producing "satisfactory evidence" that the requested rates are in line with those prevailing in the relevant community for similar legal services of reasonably comparable skill and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gonzales*, 729 F.3d at 1205. Satisfactory evidence of the prevailing market rates for similar legal services may include affidavits of plaintiff's counsel, affidavits of other attorneys regarding prevailing market rates in the relevant community, and rate determinations in other cases, particularly those setting

---

argument on the propriety of awarding fees in its response. (ECF No. 34 at 11 n.1.)

a rate for the plaintiff's counsel. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The fee calculated under the lodestar method is presumptively reasonable, but may be adjusted upwards or downwards pursuant to a variety of factors. *Gonzales*, 729 F.3d at 1208–09; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating twelve factors to consider in awarding reasonable attorney's fees). To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, the court may consider them in adjusting the fee award after the calculation is completed. *Chalmers*, 796 F.2d at 1212.

### III. ANALYSIS

Plaintiff requests $27,252.50 in attorney's fees. (ECF No. 35 at 3.) Defendant objects to the amount Plaintiff can recover. (ECF No. 36 at 1.) Defendant first argues that Plaintiff's counsel's hourly rate is unreasonable for this district. (ECF No. 36 at 2.) Second, Defendant argues the following: 1) that the hours spent on the Motion to Remand are unreasonable; 2) that there should be no award for the transfer opposition; and 3) that the hours spent on the Motion for Sanctions are excessive. (ECF No. 36 at 5–7.) Defendant also contends that Plaintiff's requested fees exceed other fee awards following removals by this Court and other cases from this District. (ECF No. 36 at 9.) The Court will analyze these arguments in turn.

#### A. Reasonable Hourly Rate

Plaintiff seeks an hourly rate of $500 through the end of 2017 and $425 thereafter. (ECF No. 35 at 3.) Defendant argues that the appropriate rate in this District is between $250 and $300, citing *Done Deal Inc. v. Wilbert*, No. CIV–13–1009, 2013 WL 3994442, at *4 (E.D. Cal. Aug. 1, 2013), which held that the "prevailing rate in this district has been found by one judge of the court to be $250 an hour." (ECF No. 36 at 4.) Defendant also cites other cases from the Eastern District, Sacramento Division, which have determined that hourly rates ranging from $250 to $300 are reasonable in various types of cases for experienced attorneys. (ECF No. 36 at 4); *Johnson v. Patel*, No. 2:14-2078, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016) ($300 is a reasonable rate in Sacramento for a managing partner with over 20 years experience); *Johnson v. Wayside Prop.*, No. 2:13–1610, 2014 WL 6634324, at *5, 8 (E.D. Cal. Nov. 21, 2014) ($300 is a

4

reasonable rate in Sacramento for managing partner with over 20 years experience). Defendant contends that Mr. Sanders's rate should be reduced to no more than $300 per hour because Plaintiff has not satisfied its burden of producing satisfactory evidence supporting divergence from the appropriate rate in the District in which this Court sits. (ECF No. 36 at 3.)

Plaintiff must provide "satisfactory evidence" that the hourly rate he requests comports with the prevailing rate in this district for similar legal services. *See Blum*, 465 U.S. at 895 n.11. Plaintiff argues that Mr. Sanders's billing rate is normal and customary for lawsuits filed within California in this area of agency sales law based upon Mr. Sanders's 28 years of experience in this specialized area. (ECF No. 35 at 3.) However, the Plaintiff fails to allege that this billing rate is normal and customary for lawsuits filed within this specific District, not just California generally.

After an examination of related decisions in this district, the Court finds that $300 per hour is a reasonable rate for Mr. Sanders. *See Johnson v. Geudoir*, No. 2:14-cv-00930-TLN-AC, 2017 WL 3172994, at *5 (E.D. Cal. July 26, 2017); *Luna v. Hoa Trung Vo*, No. CV F 08–1962 AWI SMS, 2011 WL 2078004, at *5 (E.D. Cal. May 25, 2011) (finding a reasonable rate of $375 per hour for attorney with *more than 40 years of experience* in "disability–related litigation"). Although Mr. Sanders has 28 years of experience in agency sales law, his briefings in this case have been predominantly procedural, and he has thus not relied upon his experience in agency sales. (ECF No. 35 at 3; *see generally* ECF Nos. 16, 23, 29 & 32.) Furthermore, the Court is not convinced that Mr. Sanders has demonstrated the "ability and reputation" that warrants a departure from the prevailing rates for legal work of similar complexity. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). Accordingly, the Court will award Plaintiff attorney's fees at an hourly rate of $300 per hour as is consistent with this district.

B. <u>Hours Reasonably Expended</u>

In determining the lodestar figure, a district court should exclude from its initial calculation hours that are "excessive, redundant, or otherwise unnecessary," i.e. hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Dang v. Cross*, 422 F.3d 800, 812 n.12 (9th Cir. 2005); *In re Dawson*, 390 F.3d 1139, 1152 (9th Cir. 2004). The fee

applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Hensley*, 461 U.S. at 433, 437; *Gates v. Rowland*, 39 F.3d 1439, 11449 (9th Cir. 1994); *Gates v. Deukmejian*, 987 F.2d 1392, 1398–99 (9th Cir. 1992). "Plaintiff's counsel … is not required to record in great detail how each minute of his time was expended," even "minimal" descriptions that establish that the time was spent on matters on which the district court may award fees is sufficient. *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004). Counsel need only "identify the general subject matter of [their] time expenditures." *Trustees of Dirs. Guild of Am-Producer Pension Benefit Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000); *see also Lytle*, 382 F.3d at 989. The party opposing the fee application has a burden of rebuttal that requires submission of evidence that challenges the accuracy and reasonableness of the hours charged or challenges the facts asserted by the prevailing party. *McGrath v. County of Nevada*, 67 F.3d 248, 255–256 (9th Cir. 1995); *Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995); *Deukmejian*, 987 F.2d at 1398–99.

  *i.* *Hours for Motion to Remand*

Plaintiff requests a total of $11,350 for 22.7 hours of attorney's fees incurred as a result of researching, drafting, and preparing Plaintiff's Motion for Remand and for researching and drafting a Reply to Defendant's Opposition to Motion to Remand. (ECF No. 35 at 2.) Defendant argues that reasonable briefing on a Motion to Remand should take approximately 13 hours, instead of the 22.7 hours sought by Plaintiff. (ECF No. 36 at 5.) Defendant cites numerous cases where courts have reduced the hourly expenditure requested for attorney's fees, and contends that the average number of hours from the cases cited is approximately 13. (ECF No. 36 at 5.) While these cases do not control whether Mr. Sanders's 22.7 hour expenditure on the Motion to Remand is reasonable, the Court notes that similar cases have had significantly lower expenditures. *See Breshears, Inc. v. Delaware N. Companies*, No. 1:16-CV-1129, 2016 WL 7010501 at *5, 7 (E.D. Cal. Nov. 30, 2016) (plaintiff requested 14 hours for motion to remand; the Court reduced to 12 hours). *See also Lopez v. Pfeffer*, No. 13–cv–03341, 2013 WL 5367723 at *5 (N.D. Cal. Sept. 25, 2013) (12.5 hours is reasonable); *Beauford v. E.W.H. Group Inc.*, No. 1:09–CV–00066, 2009 WL 3162249 at *8 (11.87 hours is reasonable).

6

The Court has reviewed Mr. Sanders's invoices for the Motion to Remand and has determined that an expenditure of 18.2 hours is appropriate. Mr. Sanders's invoices contain a plethora of telecommunications, sometimes on consecutive days. (*See*, *e.g.*, ECF No. 35 at 13 (Telecommunications with client listed on March 1, 2017 and then again on March 2, 2017).) While the Court recognizes that communications between an attorney and client are an important part of an attorney's job in preparing a Motion to Remand, Mr. Sanders's hourly expenditures in client communications is excessive and Plaintiff has not met the burden for proving that all of these communications were reasonable. Additionally, the Court noticed that Mr. Sanders has billed for multiple hours of drafting and review of the Motion to Remand. (*See*, *e.g.*, ECF No. 35 at 10 (Separate invoice entries on the same day titled "Revisions and additions to Motion for Remand" and "Prepare revised version of Motion for Remand").) Plaintiff has similarly not met the burden for proving that these extensive revisions were reasonable.

The Court declines to award fees for three of Mr. Sanders's itemized billings where it found review and drafting was duplicative and unreasonable. First, the entry on January 25, 2017, which is titled: "Review Moving Papers & outline opposition to Motion to Transfer" for 0.5 hours. (ECF No. 35 at 8.) The Court determined this is excessive because the following entry is again listed as "Outline and Prep Opposition to Motion to Transfer" with 5.4 hours. Second, the entry on February 27, 2017, which is titled: "Begin research of opposition citations & prep of Reply to Opposition re Motion for Remand" for 2.3 hours. (ECF No. 35 at 12.) The entry on March 1 is similarly listed as "Continue prep of reply to opposition to Motion for Remand" for 2.5 hours and is thus duplicative. One of these expenditures spent on preparation is sufficient here. Finally, the Court declines to award fees for the entry on March 2, 2017, which is titled: "Revisions to reply to opposition in prep for finalizing (re Motion for Remand)" for 1.9 hours. (ECF No. 35 at 13.) The previous entry was listed as "prep of reply to opposition to Motion for Remand" for 2.5 hours. Additionally, the Court has removed all of the entries following August 21, 2017 from the amount awarded for the Motion for Remand because the entries past that date are listed as done in preparation for the Motion for Sanctions, not the Motion to Remand. (ECF No. 35 at 15.)

Additionally, the entry on January 12, 2017, described as "Proof, scan & fax letter to counsel re Removal" was described on the invoice as an administrative duty. (ECF No. 36 at 7.) Plaintiff offers no showing that the appropriate amount to bill here is the requested $80 dollars an hour, so the Court will not include this entry in the attorney's fees awarded for the Motion to Remand.

After reviewing the invoices for the Motion to Remand, the Court has determined that 18.2 hours of attorney's fees for the Motion to Remand is appropriate.

*ii.    Hours for the Opposition to the Motion to Transfer*

Plaintiff requests $5,150 for 10.3 hours incurred as a result of researching, preparing, and drafting Plaintiff's Opposition to Motion to Transfer. (ECF No. 35 at 2.) Defendant contends that there should be no award for the Opposition to Motion to Transfer because Plaintiff would have had to oppose a motion to transfer if the case proceeded in state court. (ECF No. 36 at 5.) Defendant cites *Beauford v. E.W.H. Group Inc.*, No. 1:09–CV–00066, WL 3162249, at *7 (E.D. Cal. Sept. 29, 2001). In support, arguing that when a motion "likely would have been incurred in state court had the litigation remained there" fee requests are denied. (ECF No. 36 at 5.)

"[O]ther fees and costs incurred in federal court after a removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there. Such fees and costs cannot be considered 'incurred as a result of the removal.' " *Baddie v. Berkeley Farms Inc.*, 64 F.3d 487, 490 (9th Cir. 1995); *SRE–Cheaptrips, Inc. v. Netblue, Inc.*, No. CV–07–49, 2007 WL 2572166, at *2 (D. Idaho Aug. 31, 2007) (citing *Baddie* and concluding Plaintiff's costs related to a motion to dismiss and motion to strike were not recoverable as those costs would likely have been incurred in state court). Because Plaintiff would have had to oppose a motion to transfer in state court, and did in fact oppose a motion to transfer in state court after the case was remanded to the San Joaquin County Superior Court, the Court will not grant attorney's fees for hours expended in preparing this document.

///

///

8

### iii. *Hours for Motion for Sanctions*

Plaintiff requests $9,152.50 for 20.9 hours in attorney's fees spent on researching, preparing, and drafting Plaintiff's Motion for Sanctions. (ECF No. 35 at 2–3.) Defendant contends that the amount of hours should be reduced because a significant portion of the hours were spent on Plaintiff's unsuccessful request for sanctions under Rule 11 even though Plaintiff did not comply with the safe harbor provisions under Rule 11. (ECF No. 36 at 7.) Defendant also argues that the request of $1,600 for Plaintiff's Declaration at a rate and number of hours not specified in the invoice should be excluded from the reward for lack of documentation. (ECF No. 36 at 8.) Finally, Defendant argues that 20.9 hours spent on the Motion for Sanctions is unreasonable. (ECF No. 36 at 7.) Defendant argues that Plaintiff does not meet the burden for showing why the 20.9 hour expenditure was reasonable. (ECF No. 36 at 7.)

Defendant argues that because the Court determined Plaintiff's Motion for Sanctions under Rule 11 failed, Plaintiff should not be able to collect attorney's fees that were incurred on that portion of the motion. (ECF No. 36 at 8.) Plaintiff may not recover attorney fees expended on unrelated, unsuccessful claims. *Kelley v. Sears, Roebuck and Co.*, No. CV–01–1423–ST, 2004 WL 1824121 at *1 (D. Or. Aug. 10, 2004). "Claims are 'unrelated' if they are entirely distinct and separate from the claims on which the plaintiff prevailed." *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (citations omitted). The Ninth Circuit does not require "commonality" of both facts *and* law before concluding that unsuccessful and successful claims are related." *Schwarz v. Secretary of Health & Human Serv.*, 73 F.3d 895, 902 (9th Cir. 1995) (emphasis in original). Because Plaintiff's Rule 11 motion was of the same set of facts as their prevailing motion for attorney's fees, the Rule 11 motion is not unrelated and therefore does not meet the bar for reduction of the costs incurred. Defendant does not cite any authority in support of this argument, and thus, the Court concludes based on the above case law that further reduction for Plaintiff's unsuccessful claims is not necessary.

Defendant also argues that the request of $1,600 for Plaintiff's Declaration at a rate and number of hours not specified in the invoice should be excluded from the reward for lack of documentation. (ECF No. 36 at 8.) Defendant cites *Breshears, Inc. v. Delaware N. Companies*,

No. 1:16-CV-1129, 2016 WL 7010501 at *7 (E.D. Cal. Nov. 30, 2016), "where the documentation is inadequate, the district is free to reduce an applicant's fee award accordingly … [A]lthough it is apparent that some time was spent preparing the reply, Breshears provided no additional information regarding the specific amount of time … Without additional information, the Court declines to speculate how much time was expended on the reply." (citation and quotation omitted). The Court finds this argument compelling. Because Plaintiff has failed to provide adequate documentation for the amount of $1,600, the Court will exclude this amount from the award of attorney's fees.

As to the reasonableness of the remaining hours, the Court has reviewed the invoices provided by the Plaintiff and has determined that a 12.1 hourly expenditure is reasonable for the Motion for Sanctions. The invoices list many entries of hours expended on multiple drafts of the motion. (*See generally*, ECF No. 36.) The Court recognizes the importance of multiple drafts of motions, but has determined the hours expended on these drafts to be excessive. Defendant should not be liable for excessive hourly expenditures spent on third or fourth drafts of the Motion for Sanctions when the Plaintiff has not met the burden of providing evidence of why such expenditures are reasonable. Accordingly, the Court declines to award fees for three of Mr. Sanders's itemized billings spent on research and drafting. First, the Court declines to award fees for the entry on January 22, 2018, which is titled: "begin prep of Motion for Sanctions & atty fees." (ECF No. 35 at 25.) The Court has determined this is excessive because the consecutive entry is listed as: "finish prep of 1st draft of Motion for Sanctions & Atty Fees", which is very similar to the January 22 entry. (ECF No. 35 at 25.) Plaintiff has not met the burden of showing that two separate entries spent on preparing the first draft of the Motion for Sanctions and Attorney's Fees is reasonable. Second, the Court declines to award fees for the entry on January 29, 2018, which is titled: "add further legal citations and points raised by client & prep next draft of Motion for Sanctions." (ECF No. 35 at 26.) The previous entries amounted to the number of hours spent drafting the Motion for Sanctions, and it is not clear that additional hours spent adding legal citations and points are reasonable. Finally, the Court declines to award Plaintiff attorney's fees for the entry on January 30, 2018, which is titled: "review revisions & prep final

drafts of Motion for Sanctions and Sanders Declaration." (ECF No. 35 at 25.) The Court has determined this entry to be excessive because previous entries already allocate 3.7 hours for drafting the Motion for Sanctions.

After reviewing the invoices for the Motion for Sanctions, the Court has determined that 12.1 hours of attorney fees is appropriate.

### IV. CONCLUSION

For the foregoing reasons, the Court awards Plaintiff 18.2 hours for the Motion to Remand and 12.1 hours for the Motion for Sanctions at an hourly rate of $300 dollars per hour. Thus, the Court awards Plaintiff $9,090 in reasonable attorney's fees and costs. Defendant shall comply with this Order within fourteen (14) days of the date on which this Order is filed.

IT IS SO ORDERED.

Dated: August 16, 2018

Troy L. Nunley
United States District Judge